IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEMOCRACY FORWARD FOUNDATION,<br><br>      *Plaintiff*,<br><br>      v.<br><br>U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br><br>      *Defendant.* | Case No. 17-cv-2449 (TJK) |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR EXTENSION OF TIME TO FILE DEFENDANT'S RESPONSE TO PLAINTIFF'S COMPLAINT**

It is Plaintiff's general approach to seek to work cooperatively with opposing counsel, including agreeing to reasonable extensions of litigation deadlines, in a manner consistent with advancing its interests both as a litigant and advocate on behalf of its clients. Plaintiff is also cognizant that lawyers' schedules can be upended by intervening deadlines and the availability of their clients, especially during the year-end holidays. But, as explained below, Defendant the U.S. Department of Health and Human Services' ("HHS") request in this Freedom of Information Act ("FOIA") action, made on the day its answer to the complaint was due and seeking to double its time to respond makes no showing adequate to justify such a lengthy extension.

Plaintiff thus objects to the requested extension as unreasonable under the circumstances. Specifically, as of last fall, HHS had searched and retrieved potentially responsive records and had advised that releases would be forthcoming pending review by the agency's political leadership; more than three months later, HHS seeks an additional month simply to respond to

1

the complaint without providing any assurance of a reasonably prompt date by which it will release responsive records; and HHS has refused to meaningfully meet and confer on that question as required by Local Civil Rule 7(m).  Consequently, Plaintiff believes that HHS has not shown "good cause" for the requested extension as required under FOIA, and asks the Court to either condition the grant of the requested extension on HHS conferring with Plaintiff concerning the status of the FOIA request and providing a reasonably prompt timetable for releasing responsive information, or, alternatively, holding a status conference to address these questions.

## BACKGROUND

Plaintiff filed this FOIA lawsuit in November as a result of the refusal by HHS to timely produce any records responsive to Plaintiff's FOIA request submitted on August 14, 2017. The documents Plaintiff seeks concern actions HHS has taken to discontinue more than $200 million in funding for 81 teen pregnancy prevention programs throughout the country—programs that affect the life and wellbeing of women, children, and families, as well as the financial health of the organizations that provide critical healthcare services to those populations.  Plaintiff's Complaint outlines the multiple attempts Plaintiff made to obtain documents short of litigation and further recounts the statements that a representative of HHS made concerning responsive documents that were identified to be produced to Plaintiff but have still not been provided following a political appointee's review of them.  Compl. ¶¶ 38-52.  The U.S. Attorney was served with the suit on December 4, 2017.  Defendant's answer was therefore due on January 3, 2018.  *See* 5 U.S.C. § 552(a)(4)(C).

## DISCUSSION

Defendant's motion is unjustified for two reasons. First, it has not engaged in a good faith meet and confer pursuant to Local Civil Rule 7(m). That rule requires the parties to take "real steps to confer" as a part of a good faith attempt to achieve the objective of the motion, not mere box checking. *Dist. Hosp. Partners, L.P. v. Sebelius*, 971 F. Supp. 2d 15, 21 (D.D.C. 2013) (quoting *United States ex rel. K & R Ltd. P'ship v. Mass. Hous. Fin. Agency*, 456 F. Supp. 2d 46, 52 (D.D.C.2006)). At mid-day on the day of HHS's deadline, counsel for HHS, in her first contact with any of Plaintiff's attorneys, advised the undersigned by email that she would be filing a motion for an extension of time until February 5, 2018 to file HHS's response to Plaintiff's complaint. The undersigned responded by explaining that given the months that have passed since Plaintiff had submitted its request and HHS's failure to produce any documents in such time—along with the significance of the underlying issues to the public interest—Plaintiff would not consent to a one month extension without assurances regarding timely dates of production. The undersigned further advised Defendant's counsel that nevertheless, as a courtesy, she was amenable to a one week extension—until January 10, 2018—for HHS to file its answer, thereby allowing for the parties to have a later discussion on a release schedule. In light of this Court's conference requirement, *see* LCvR 7(m), counsel for Plaintiff suggested a discussion with Defendant's counsel. Defendant's counsel, however, declined that opportunity, stating in a response email that she had "yet to receive information regarding the status of the request [from HHS] so there is no information [to] pass along at this time." Defendant's counsel did not explain why Plaintiff's proposed extension was insufficient nor did she make a counter proposal. This refusal to engage does not satisfy Local Civil Rule 7(m), and on that basis alone,

the Court could properly deny Defendant's request. *Dist. Hosp. Partners*, 971 F. Supp. 2d at 21-22.

Second, Defendant has not shown good cause for the requested extension. FOIA mandates that a "defendant shall serve an answer or otherwise plead to any [FOIA] complaint . . . within thirty days after service . . . unless the court otherwise directs for good cause shown." 5 U.S.C. § 552(a)(4)(C); *see also Open Am. v. Watergate Special Prosecution Force*, 547 F.2d 605, 619 (D.C. Cir. 1976) (The FOIA "specifically directs that after the complaint is filed the Government shall file its answer within thirty days, instead of the 60 days normally provided to the Government . . . ." (citing 5 U.S.C. § 552(a)(4)(C)-(D)). Here, Defendant has failed to show good cause for an additional thirty days to respond to the complaint and, in particular, it has not demonstrated why a more abbreviated extension of time, such as the seven days proposed by Plaintiff, would be insufficient. The fact that as of the date its response was due HHS had failed to advise its counsel as to even the "status of the [FOIA] request" does not demonstrate good cause: Defendant's submission fails to include any explanation of circumstances that may have prevented HHS from responding, stating only in a conclusory fashion that HHS had failed to advise its counsel of the status of the request. HHS's failure to advise its counsel as to the status of Plaintiff's FOIA request is evidence of a troubling pattern of conduct that led Plaintiff to resort to litigation in the first instance. *See, e.g.*, Compl. ¶¶ 38-52. The documents Plaintiff seek concern issues affecting the health and wellbeing of American women, children, and families, and the financial viability of healthcare providers that serve them; and HHS should not be permitted to continue to refuse to respond to Plaintiff's request for records.

For these reasons, Plaintiff, therefore, respectfully requests that the Court deny Defendant's motion to extend the response date until February 5, 2018. Plaintiff maintains its

position that it is willing to consent to a modest extension of time for the Defendant to respond to the complaint, until January 10, 2018, and Plaintiff remains open to a schedule that would provide Defendant additional time to respond to the complaint so long as the agency is willing to commit to a firm and reasonably prompt deadline for the production of records it has stated have already been gathered. Should the Court be inclined to grant Defendant's motion, Plaintiff respectfully requests that the Court convene a status conference to ascertain Defendant's plans for a production of documents in this matter.

Dated: January 5, 2018                                    Respectfully submitted,

/s/ *Skye L. Perryman*

Javier M. Guzman (D.C. Bar No. 462679)
Skye L. Perryman (D.C. Bar No. 984573)
Democracy Forward Foundation
1333 H Street NW
Washington, D.C. 20005
(202) 448-9090
jguzman@democracyforward.org
sperryman@democracyforward.org

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

      I hereby certify that on January 5, 2018, I electronically filed a copy of the foregoing. Notice of this filing will be sent via email to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM-ECF system.

                                        /s/ *Skye L. Perryman*
                                        Skye L. Perryman